UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELINA L.,[1] <br><br> Plaintiff <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security,[2] <br><br> Defendant. | Case No. 5:19-cv-0614-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Belina L. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 23] and briefs addressing disputed issues in the case [Dkt. 14 ("Pl. Br."), Dkt. 21 ("Def. Br.") and Dkt. 22 ("Reply")]. The matter is now

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2] Andrew M. Saul, now Commissioner of the Social Security Administration, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

ready for decision. For the reasons discussed below, the Court finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On March 27, 2015, Plaintiff filed her applications for SSI and DIB alleging disability based on a variety of issues including cancer, diabetes, neuropathy, and cirrhosis. [Dkt. 13, Administrative Record ("AR").] Plaintiff's application was denied initially, on reconsideration, and after a hearing before Administrative Law Judge ("ALJ") Dana E. McDonald. [AR 1-6, 24-34.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 7, 2013, the alleged onset date. [AR 26.] At step two, the ALJ found that Plaintiff had the following severe impairments: multiple myeloma, in remission; diabetes mellitus; diabetic neuropathy; diabetic retinopathy; cirrhosis; obesity; and anemia. [AR 26.] The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 27.]

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. [AR 28.] Applying this RFC, the ALJ found at step four that Plaintiff could perform her past relevant work as a senior human resources technician and thus she is not disabled. [AR 33.] Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. [AR 1-6.] This appeal followed.

Plaintiff raises the following arguments: (1) the ALJ failed to properly evaluate whether her conditions met or equaled Listing 5.05 (chronic liver disorders); (2) the ALJ failed to properly assess her Residual Functional Capacity ("RFC"); and (3) the ALJ's finding that she could perform her past relevant work is

2

not supported by substantial evidence. [Pl. Br. at 3-12; Reply at 1-5.] The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 1-12.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

### IV. DISCUSSION

**A. The ALJ Did Not Err at Step Three**

In her first argument, Plaintiff contends the ALJ erred at Step Three when she failed to obtain testimony from a medical expert regarding whether a combination of

3

her impairments equaled Listing 5.05 for chronic liver disorders.[3] Plaintiff is not correct.

To establish presumptive disability under the listings, the claimant bears the burden of proving that his impairments, or combination of impairments, satisfies all the criteria in the listing relevant to his or her claim. *See Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990), *superseded by statute on other grounds*. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* Listed impairments "are purposefully set at a high level of severity" and require proof sufficient to meet "strict standards because they automatically end" the disability assessment process. *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013).

To meet listing 5.05(A), a claimant must demonstrate: (1) "hemorrhaging from esophageal, gastric, or ectopic varices[,] demonstrated by endoscopy, x-ray, or other imaging"; (2) "resulting in hemodynamic instability"; and (3) "requiring hospitalization for transfusion of at least two units of blood." 20 C.F.R., Part 404, Subpt. P, App'x 1 § 5.05(A). The listing requires that the claimant be hospitalized only once. A claimant who meets this listing is considered disabled for one year following the last documented transfusion, with residual impairments reevaluated after that. *Id.* at §§ 5.05(A), 5.00(D)(5). Listing 5.05(B) requires "[a]scites or hydrothorax not attributable to other causes, despite continuing treatment as prescribed, present on at least 2 evaluations at least 60 days apart within a consecutive 6-month period." Furthermore, the record must include documentation of each evaluation showing "1. Paracentesis or thoracentesis; or 2. Appropriate

---

[3] In Plaintiff's opening brief she first argued that the ALJ erroneously failed to find that her impairments or combination of impairments met Listing 5.05 (Chronic Liver Disease). [Pl. Br. at 4-10.] However, on reply, Plaintiff "withdr[ew] her argument" and conceded that she does not meet the requirements of Listing 5.05. [Reply at 2.] She instead focused her argument on her contention that the ALJ should have called a medical expert to testify about whether a *combination* of her impairments *equaled* Listing 5.05. [Reply at 2.]

medically acceptable imaging or physical examination and one of the following: a. Serum albumin of 3.0 g/dL or less; or b. International Normalized Ratio (INR) of at least 1.5." 20 C.F.R., Part 404, Subpt. P, App'x 1 § 5.05(B).

Here, the ALJ considered Plaintiff's impairments and found they do not meet or medically equal listing 5.05 for chronic liver disease. Plaintiff's Reply brief acknowledges that her liver condition standing alone fails to meet or equal Listing 5.05. [Reply at 2.] However, she contends that because a combination of her multiple impairments "may well" satisfy Listing 5.05, the ALJ should have called a medical expert to assess whether her impairments, taken in combination, had the same impact as though she met Listing 5.05. [Reply at 2.] The ALJ, however, was not required to do so for three reasons.

First, it is Plaintiff who bears the burden of demonstrating that her impairments are equivalent to a listed impairment. Despite this requirement, Plaintiff has offered no theory, plausible or otherwise, as to how her combination of impairments equals the criteria of Listing 5.05. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). As it is Plaintiff's burden to establish that she equals Listing 5.05, Plaintiff's request for remand for a medical expert to review and analyze all of the evidence with the hope of establishing that a combination of her impairments is akin to Listing 5.05 is insufficient to meet this burden.[4]

---

[4] The Ninth Circuit, in several unpublished opinions, has disposed of similar arguments on the broader ground that the burden of proving that an impairment meets or equals a listing falls on Plaintiff, not the ALJ, *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir.2005), and thus the ALJ does not err by failing to call an expert to establish Plaintiff's case, *see Yanez v. Astrue*, 252 F. App'x 792, 793–94 (9th Cir. 2007) ("Yanez also argues that the ALJ erred by failing to call a medical expert to testify whether his surgery fell within listing 1.03. Yanez has the burden of proving that his impairments meet or equal a listed impairment, and the ALJ did not err by failing to call an additional expert.") (internal citation omitted); *Crane v. Barnhart*, 224 F. App'x 574, 578 (9th Cir.2007) ("Crane argues the ALJ erred by failing to develop the record through medical expert testimony regarding whether Crane's conditions were equivalent to any Social Security impairment listings. But, as the

Second, while it is permissible for the ALJ to call a medical expert or advisor when considering whether a claimant meets or equals an impairment listing, it is not required. *See* 20 C.F.R. § 404.1527(e)(2)(iii) (2016). The regulations are clear that the determination of whether Plaintiff's impairments meet or equal a listed impairment is an adjudicative determination, not a medical one. *See* 20 C.F.R. § 404.1527(e)(2) (2006) ("Opinions on some issues, such as the examples that follow, are not medical opinions ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case.... Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments ... the final responsibility for deciding these issues is reserved to the Commissioner."). Thus, it is the ALJ, and not a medical expert, that is "responsible for reviewing the evidence and making findings of fact and conclusions of law." 20 C.F.R. § 404.1527(e)(2)(i) (2016). ALJ's are not bound by the opinions of medical experts with respect to the Listings.

Finally, the ALJ adequately weighed and discussed the evidence which formed the basis of her finding at step three of the sequential analysis. [AR 27.] In opining that the "evidence does not support" a finding that Plaintiff "meets the requirements under 5.05(A) or (B)," the ALJ relied on the medical opinion evidence noting that no medical source found that Plaintiff meets or equals a Listing. [AR 27.] Specifically, state agency reviewing physician R. Dwyer, M.D., opined that Plaintiff's multiple myeloma was in remission, that she had a history of liver cirrhosis, but that her conditions were "NOT LISTING LEVEL." [AR 110 (emphasis in original)]. The "signed written opinion of the state agency physician [provides] a sufficient basis for the ALJ's equivalence determination, and the live

---

claimant, Crane bears the burden of proving he has an impairment that meets or equals the Social Security disability listings."). Thus, Plaintiff's argument fails under this analysis as well.

testimony of a medical expert was [therefore] not required[.]" *See Crane v. Barnhart*, 224 Fed.Appx.574, 578 (9th Cir. 2007).

In sum, Plaintiff has not shown the ALJ erred in failing to call a medical expert to testify whether her impairment met or equaled a listing. Further, the ALJ did not err in her Listing analysis.

**B.     Substantial Evidence Supports the ALJ's RFC Determination**

Plaintiff next argues that the ALJ failed to include limitations in the RFC assessed by her treating physician. [Pl. Br. at 10-11.] Specifically, Plaintiff contends that Dr. Allison's treatment records noting Plaintiff's self-reported complaints including "feels tired (fatigue)," "tiring easily" and Plaintiff is "easily overwhelmed and confused" should have been incorporated into her RFC. [AR 347, 349-350, 395, 413, 854, 1034.][5]

The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Commissioner Social Sec. Admin*., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff's argument that the RFC failed to include any of the specific work-related functional limitations opined by Dr. Allison is not supported by the record for several reasons. First, as Defendant points out, neither Dr. Allison nor any other

---

[5]     The few record citations Plaintiff provides in her brief appear to be largely incorrect. As a few examples, Plaintiff cites to AR 392 for Dr. Allison's note of "slow mentation" which is actually found at AR 347. Plaintiff also incorrectly cites AR 395 and AR 458 for notes regarding Plaintiff's confusion and nausea, which are found respectively at AR 350 and AR 413.

7

doctor opined that Plaintiff had functional limits beyond the RFC due to her tiredness/fatigue, decreased concentration, and/or general weakness. Contrary to Plaintiff's contentions, Dr. Allison did not provide an opinion about Plaintiff's functional limitations. Instead, Dr. Allison's treatment records merely note Plaintiff's self-reports regarding her symptoms without any explanation regarding the nature and extent of her work-related limitations. The only medical opinions addressing Plaintiff's functional limitations were provided by her other treating physician, Dr. Brian Choi, who opined on July 17, 2015 and November 28, 2016 that Plaintiff was "tired," she experienced "diffuse joint pain," and she could not perform strenuous activity; but also that Plaintiff was "ambulatory and able to carry out light or sedentary work (e.g. office work, light house work)." [AR 1308, 1342.] The ALJ further relied on the evidence of examining physician Dr. Azizollah Karamlou M.D. and state agency reviewing physician, Chan, D. M.D. who opined that Plaintiff was capable of performing light to sedentary work. [AR 1234, 94-102.] As Dr. Allison did not provide a treating opinion regarding Plaintiff's functional limitations, Plaintiff has failed to show that the ALJ erred in declining to incorporate Dr. Allison's "limitations" into her RFC.

Second, the ALJ evaluated Plaintiff's subjective complaints which mirror the self-reported complaints included in Dr. Allison's treatment records and found that those subjective symptoms were not entirely credible. [AR 28.] The ALJ rejected Plaintiff's complaints that she is "unable to work due to fatigue, anemia, nausea, stomach pain, liver disease, and uncontrolled diabetes" based on several grounds including that Plaintiff was frequently non-compliant with her treatment. [AR 28-29.] This was a valid reason to discount Plaintiff's subjective complaints.

Plaintiff's treatment records from Dr. Allison indicated that she had a "long [history of] poorly controlled [diabetes mellitus] with apathy and limited compliance…" [AR 392.] On numerous occasions, Dr. Allison complained that Plaintiff's "terrible insight" and utter failure to take her insulin had potentially "life-

8

threatening" consequences. [AR 29- 31, 344 [treating provider expects catastrophic event unless Plaintiff restarts insulin], 350 [Plaintiff not taking insulin and other medications against physician's advice]; 353 [stopped medication after 3 days because of nausea but did not let treating provider know], 1108 [noncompliant with insulin and should expect "serious consequences" if does not start treating diabetes appropriately]. The ALJ found Plaintiff's "unwillingness to improve her condition" and her repeated failure to comply with her physician's recommendations undermined her credibility which is a valid reason for discounting Plaintiff's self-reported complaints about the severity of her symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may consider "unexplained failure to seek treatment or to follow a prescribed course of treatment"); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). The evidence here as detailed by the ALJ was a particularly compelling reason to afford Plaintiff's subjective statements less weight.

Overall, the ALJ assessed an RFC with all of the limitations she found credible and supported by substantial evidence. There was no requirement that the RFC assessment include limitations unsubstantiated by objective medical evidence or based on subjective symptom allegations that were properly discounted. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Consequently, the Court finds no error in the ALJ's RFC assessment, which is supported by the record.

**C.    Substantial Evidence Supports the ALJ's Step Four Finding**

As a final matter, Plaintiff argues that the ALJ's finding that she could perform her past relevant work is not supported by substantial evidence. [Pl.'s Br. at 12.] Specifically, Plaintiff argues that because the ALJ failed to credit her subjective symptom testimony that she required 30 minutes of rest for every 15 minutes of activity (a limitation the VE testified would preclude employment), the

ALJ erroneously found that she could perform her past relevant work. The Court again disagrees with Plaintiff's position.

Plaintiff's contention that the ALJ's step four finding is flawed essentially restates her argument that the ALJ improperly rejected her subjective testimony. Plaintiff does not argue that the hypothetical posed to the VE failed to include all the limitations found in her RFC, instead Plaintiff contends that the "ALJ did not set forth legally cognizable reasons for [discrediting] the entirety of her testimony" and therefore "the Court should credit her testimony as true" and find that she cannot perform her past relevant work. [Pl.'s Br. at 12.] However, an ALJ is not obliged to accept as true limitations alleged by Plaintiff and may decline to include such limitations in the vocational expert's hypothetical if they are not supported by sufficient evidence. *See Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Hall v. Colvin*, No. CV-13-0043, 2014 U.S. Dist. LEXIS 45006, at *24-25 (E.D. Wash. Mar. 31, 2014)("A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected.")

As discussed above, the ALJ gave clear and convincing reasons for discounting Plaintiff's subjective testimony. The ALJ then formulated an RFC based on the limitations she found credible and supported by the objective evidence. Because substantial evidence supports the ALJ's RFC finding, the hypothetical posed to the VE properly encompassed all of Plaintiff's limitations, and in turn, the ALJ did not err in concluding that Plaintiff can perform her past relevant work. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) ("In arguing the ALJ's hypothetical was incomplete, [the claimant] simply restates her argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted her testimony and the testimony of medical experts. As discussed above, we conclude the ALJ did not."); *Osenbrock v. Apfel*, 240 F.3d

1157, 1165 (9th Cir. 2001) ("It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record").

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: June 23, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE